# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **In re:** <br><br> **INNOVA GLOBAL LTD.** <br><br> Debtor in a foreign proceeding. | § § § § § § § | Case No. 19-10653 <br><br> Chapter 15 <br><br> Joint Administration Pending |
| **In re:** <br><br> **INNOVA GLOBAL OPERATING LTD.,** <br><br> Debtor in a foreign proceeding. | § § § § § § § | Case No. 19-10654 <br><br> Chapter 15 <br><br> Joint Administration Pending |
| **In re:** <br><br> **INNOVA GLOBAL LIMITED PARTNERSHIP,** <br><br> Debtor in a foreign proceeding. | § § § § § § § § | Case No. 19-10655 <br><br> Chapter 15 <br><br> Joint Administration Pending |
| **In re:** <br><br> **1938247 ALBERTA LTD.,** <br><br> Debtor in a foreign proceeding. | § § § § § § § | Case No. 19-10656 <br><br> Chapter 15 <br><br> Joint Administration Pending |
| **In re:** <br><br> **INNOVA GLOBAL HOLDINGS LIMITED PARTNERSHIP,** <br><br> Debtor in a foreign proceeding. | § § § § § § § | Case No. 19-10657 <br><br> Chapter 15 <br><br> Joint Administration Pending |
| **In re:** <br><br> **INNOVA GLOBAL INC.,** <br><br> Debtor in a foreign proceeding. | § § § § § § § § | Case No. 19-10658 <br><br> Chapter 15 <br><br> Joint Administration Pending |

| | | |
|---|---|---|
| In re:<br><br>**INNOVA GLOBAL LLC,**<br><br>Debtor in a foreign proceeding. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 19-10659<br><br>Chapter 15<br><br>Joint Administration Pending |
| In re:<br><br>**BRADEN MANUFACTURING, L.L.C.**<br><br>Debtor in a foreign proceeding. | §<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 19-10660<br><br>Chapter 15<br><br>Joint Administration Pending |

## RECEIVER'S EMERGENCY MOTION FOR JOINT ADMINISTRATION

PricewaterhouseCoopers Inc., LIT, ("**PWC**") solely in its capacity as court-appointed receiver (the "**Receiver**") of (1) Innova Global Ltd., (2) Innova Global Operating Ltd., (3) Innova Global Limited Partnership, (4) 1938247 Alberta Ltd., (5) Innova Global Holdings Limited Partnership, (6) Innova Global Inc. (formerly AEM Emissions Management Inc., formerly ATCO Emissions Management Inc.), (7) Innova Global LLC (formerly AEM Noise Management LLC, formerly ATCO Noise Management LLC), and (8) Braden Manufacturing, L.L.C. (collectively, "**Innova**" or **Debtors**") based upon the Receivership Order dated April 1, 2019, entered by the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada (the "**Canadian Court**" and the "**Canadian Proceedings**"), and as authorized foreign representative of the above-captioned Debtors, by and through its undersigned counsel, respectfully states:

## I.
## INTRODUCTION

1. The Debtors are a group of Canadian-based companies that have been placed into a receivership proceeding under the Bankruptcy and Insolvency Act in Canada, which is a foreign proceeding within the meaning of 11 U.S.C. § 101(23). Movant is the Canadian court-

93559169.1                                         - 2 -

appointed Receiver, who is a foreign representative within the meaning of 11 U.S.C. § 101(24). As petitioner in these cases, the Receiver seeks recognition of the foreign proceedings as foreign main proceedings under 11 U.S.C. §§ 1515, 1517 and 1520. The Receiver seeks joint administration of the cases of these eight affiliated Debtors.

## II.
## JURISDICTION, VENUE, AND CORE ALLEGATIONS

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and (b) and 11 U.S.C. § 1501 of the Bankruptcy Code.  Venue is proper in this district pursuant to 28 U.S.C. § 1410.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

## III.
## EMERGENCY RELIEF REQUESTED

3. There are eight affiliated Debtors that have filed Chapter 15 petitions at the same time.  Joint Administration is typically not contested and it a standard first-day order in complex chapter 11 cases and chapter 15 cases.  The granting of emergency relief for joint administration will result in savings to the Receiver (and the Debtors' estates) and ease of administration for the Court and the creditors.

## IV.
## SUPPORT FOR THIS MOTION

4. The Receiver attaches the following Exhibits to this Motion.

| Exhibit | Description |
|---------|-------------|
| A | Form Of Order Granting Receiver's Emergency Motion for Joint Administration |

5. The Receiver also requests that the Court take judicial notice of its files in this case, and relies upon the appendix of exhibits (the "**Appendix**") that is attached to *Receiver's Emergency Ex Parte Application for Temporary Restraining Order and Relief Pursuant to Sections 105(A) and 1519 of the Bankruptcy Code* (Dkt. 3), which was filed contemporaneously herewith.

## V.
## BACKGROUND

**A.     The Canadian Proceedings**

6.      The Bankruptcy and Insolvency Act ("**BIA**") is the one of two pieces of federal legislation in Canada applicable to bankruptcies and insolvencies.  Bankruptcy and Insolvency Act, R.S.C. 1985, c. B-3 (Can.).  The BIA governs both voluntary and involuntary bankruptcy liquidations and provides for debtor reorganizations.

7.      The BIA also authorizes a court to appoint a receiver upon application by a secured creditor.  *Id.* § 243(1).  Such court-appointed receivers are given a mandate and specific powers as set out in the order appointing the receiver.  These duties typically include: (1) taking possession and control of the property and assets of the debtor; (2) marketing and selling such property and assets in a commercially reasonable manner (whether as a going concern, en-bloc, or otherwise) and under the supervision and approval of the appointing court; and (3) distributing the proceeds of such sales to the stakeholders in accordance with the legal entitlement.  The appointing court has broad discretion to authorize the receiver to "take any other action that the court considers advisable."  *Id.* § 243(1)(c).

8.      A court-appointed receiver under the BIA is a "national" receiver, meaning that a receiver administers assets in each of Canadian's ten provinces and three territories typically without further order of provincial courts.  The BIA and its related legislation (the Companies' Creditors Arrangement Act) are federal legislation.  But provincial legislative jurisdiction governs property and civil rights, potentially affecting some insolvency-related matters, similar to the interplay between state and federal law in the United States.  Nonetheless, the BIA provides a statutory framework for a court-appointed receiver to carry out its mandate on a national basis rather than relying on the various provincial statutes or courts for its authority.

9. On April 1, 2019, the Canadian Court entered the Consent Receivership Order pursuant to section 243(1) of the BIA against the Debtors.

10. Among other things, the Receivership Order appointed PWC as the Receiver of the Debtors.

11. Contemporaneously with the filing of this Motion, the Receiver filed Official Form No. 401 Chapter 15 petitions for each of the Debtors pursuant to 11 U.S.C. § 1504, 1509(a) and 1515(a).

12. Pursuant to the Receivership Order, the Receiver is a foreign representative in a foreign proceeding, and seeks relief under Chapter 15 of the bankruptcy code.

## VI.
## ARGUMENT AND AUTHORITIES

**A.    Information for Motion**

13. The name and case number of each case sought to be jointly administered is included in the caption of this motion.

14. The proposed style and case number to be used on subsequent pleadings if joint administration is ordered. L.B.R. 1015(2):

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA
TULSA DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 19-10653** |
| **INNOVA GLOBAL LTD.,** *et al.*,[1] | § | |
| | § | **Jointly  Administered** |
| **Debtors in a foreign proceeding.** | § | |
| | § | **Chapter 15** |
| | § | |

---

[1] The Debtors are: 1) Innova Global Ltd., (2) Innova Global Operating Ltd., (3) Innova Global Limited Partnership, (4) 1938247 Alberta Ltd., (5) Innova Global Holdings Limited Partnership, (6) Innova Global Inc. (formerly AEM Emissions Management Inc., formerly ATCO Emissions Management Inc.), (7) Innova Global LLC (formerly AEM Noise Management LLC, formerly ATCO Noise Management LLC), and (8) Braden Manufacturing, L.L.C.

15. The Debtors also seek this Court's direction that a notation substantially similar to the following be made in each of the above captioned cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of Chapter 15 cases of (1) Innova Global Ltd., (2) Innova Global Operating Ltd., (3) Innova Global Limited Partnership, (4) 1938247 Alberta Ltd., (5) Innova Global Holdings Limited Partnership, (6) Innova Global Inc. (formerly AEM Emissions Management Inc., formerly ATCO Emissions Management Inc.), (7) Innova Global LLC (formerly AEM Noise Management LLC, formerly ATCO Noise Management LLC), and (8) Braden Manufacturing, L.L.C. (collectively, "**Innova**" or **Debtors**"). The Docket in Case No. 19-10653 should be consulted for all matters affecting this case.

B.  **Need for Joint Administration**

16. Fed. R. Bankr. P. 1015(b) allows for the joint administration of a debtor and its affiliates. Each of the Debtors are related to the same corporate family and are managed by the same management. The Receiver plans to conduct an orderly liquidation of the assets of the Debtors. Joint administration will result in savings to the creditor body and will save the Court and the clerk's office time by avoiding multiple filings in multiple cases. Otherwise, virtually each time a document is filed, it will likely need to be filed eight times. A proposed form of order is submitted as **Exhibit A**.

## VII.
## PRAYER

Wherefore, the Receiver seeks an Order providing for joint administration of the above-captioned Debtors, and for all other relief, at law or in equity, to which the Receiver is justly entitled.

Dated:  April 4, 2019

Respectfully submitted,

**ROSENSTEIN, FIST & RINGOLD**

/s/ *John E. Howland*_____
John E. Howland, OBA No. 4416
johnh@rfrlaw.com

Park Centre
525 S. Main, Suite 700
Tulsa, OK   74103
Telephone:     (918) 585-9211
Facsimile:     (918) 583-5617

*and*

**NORTON ROSE FULBRIGHT US LLP**
Steve A. Peirce
TX Bar No. 15731200 *(pro hac vice pending)*
steve.peirce@nortonrosefulbright.com

300 Convent Street, Suite 2100
San Antonio, TX  78205-3792
Telephone:     (210) 224-5575
Facsimile:     (210) 270-7205

**COUNSEL FOR CANADIAN RECEIVER**

**CERTIFICATE OF SERVICE**

I hereby certify that contemporaneously with the filing of the foregoing, I directed noticing agent Stretto to serve a copy of the foregoing on parties in interest in this case. The Receiver will supplement this certificate of service with proof of service and a copy of such service list.

/s/ *John E. Howland*_____