UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **In re:** | § § | Case No. 19-10653-R |
| **INNOVA GLOBAL LTD.,** *et al.*,[1] | § § | Jointly Administered |
| **Debtors in a Foreign Proceeding.** | § § § | Chapter 15 |

**MOTION FOR AUTHORITY TO SELL PROPERTY OF THE ESTATE FREE
AND CLEAR OF ALL LIENS AND ENCUMBRANCES**
(Sale to Power Filters, Inc.)

PricewaterhouseCoopers Inc., LIT, ("**PWC**"), solely in its capacity as court-appointed receiver (the "**Receiver**") of the Debtors in these jointly administered cases based upon the Receivership Order that the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada entered on April 1, 2019 in Court File No. 1901-04589, and as the Debtors' Chapter 15 recognized foreign representative, respectfully presents this motion (the "**Motion**").

**JURISDICTION AND CORE ALLEGATIONS**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a) and (b) and 1334(a) and (b) and 11 U.S.C. §§ 109 and 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), (O) and (P). Venue is proper in this district pursuant to 28 U.S.C. § 1410.

**BACKGROUND FACTS**

2. On April 1, 2019, the Canadian Court, Honorable Justice B.E.C. Romaine, entered the Receivership Order (the "**Receivership Order**") pursuant to section 243(1) of the BIA and 13(2) of the Judicature Act, appointing the Receiver. The Receivership Order

---

[1] The Debtors are: (1) Innova Global Ltd., (2) Innova Global Operating Ltd., (3) Innova Global Limited Partnership, (4) 1938247 Alberta Ltd., (5) Innova Global Holdings Limited Partnership, (6) Innova Global Inc. (formerly AEM Emissions Management, Inc., formerly ATCO Emissions Management Inc.), (7) Innova Global LLC (formerly AEM Noise Management LLC, formerly ATCO Noise Management LLC), and (8) Braden Manufacturing, L.L.C.

JEH v.3

specifically authorizes the Receiver to act as foreign representative for the Debtors for all purposes and pursuant to Chapter 15 of the Bankruptcy Code. Receivership Order ¶ 3.

3. On April 18, 2019, the United States Bankruptcy Court entered *Order Granting Petition For Recognition As Foreign Main Proceeding Pursuant To Sections 1515 And 1517 Of The United States Bankruptcy Code And Related Relief* (Doc 54)("**Recognition Order**") in these jointly administered cases. The Recognition Order recognized the Debtors' cases as foreign main proceedings and the Receiver as foreign representative under Chapter 15.

## TERMS AND CONDITIONS OF SALE AND RELATED FACTS

4. The Receiver proposes to sell and Power Filters, Inc. ("**PFI**") proposes to purchase the property (the "**Filtration Assets**") that is described in an asset purchase agreement (the "**APA**") and that is owned by Debtor Braden Manufacturing, L.L.C. ("**Braden**") pursuant to the terms of the APA for the sum of $55,059. Copies of the APA and the Amendment to the APA are attached as Exhibits 1 and 2. For further clarification, the Filtration Assets do not include the following Canon copiers or accessories related to those copiers:

    iRC5255 w/n JME01779
    iRD5035 s/n GNW56362
    iRC5045 s/n GPQ55713
    iRC5051 s/n GQM14234

5. As part of the transaction, PFI will be obtaining a lease of that portion of the Premises[2] that constitutes the Braden filter manufacturing facility and PFI will ensure that neither Braden nor the Receiver will have liability for lease or rental payments on that portion of the Premises after May 31, 2019.

6. PFI's obligation to purchase is conditioned upon the Court's entry of an order authorizing the sale free and clear of liens and other encumbrances.

---

[2] This and other capitalized terms that are not defined in this Motion have the meaning that the APA defines for them.

7. ATB Financial ("**ATB**"), as agent and lender, asserts priority liens and security interests in virtually all assets of the Debtors. It has consented to the sale of the Filtration Assets.

8. As set out in the Application Requesting Expedited Hearing and Shortened Notice, which the Receiver has filed contemporaneously with this Motion, it is important that the Receiver reduce the Debtors' expenses by ceasing use of the Premises in which they are located as quickly as possible and without any potential delay in closing based upon stay of any order approving the sales, for 14 days, pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

## ARGUMENT AND AUTHORITIES

9. Sections 363 and 1520 of the United States Bankruptcy Code provide that the Receiver "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business," property of the Debtors.

10. A sale of Debtors' assets under § 363(b) of the Bankruptcy Code is a matter within a court's discretion, giving due consideration to the sound business judgment of the debtor-in-possession. *See In re Lionel Corp.*, 722 F.2d 1062, 1071 (2nd Cir. 1983); *In re Castre, Inc.*, 312 B.R. 426, 428 (Bankr. D. Colo. 2004) (citing *Lionel*). Courts typically consider multiple factors to determine whether to approve such sales, including: (i) whether there is a sound business reason for the sale; (ii) whether there has been adequate notice to interested parties (iii) whether the terms of the sale have been fully disclosed; (iv) whether the seller's relationship with the buyer taints the sale; and (v) whether the buyer is proceeding in good faith. *In re Medical Software Solutions*, 286 B.R. 431, 439-40 (Bankr. D. Utah 2002); *see also Castre*, supra, 312 B.R. at 428.

3

11. The relevant factors to support a § 363 sale are met in this instance and the sale should be approved by the Court. The sale is the best opportunity to promptly realize the maximum value for the Filtration Assets and to preserve the value of the same for the benefit of creditors and parties-in-interest. The proposed purchase price is fair and reasonable. Lastly, the parties negotiated the sale at arm's length and PFI, which is not related to the Receiver, is ready, willing and able to consummate the deal, and is proceeding in good faith.

12. In addition, the sale will be free and clear of any and all liens, claims encumbrances, and other interests, with such liens, claims encumbrances, and other interests, if any, to attach to the proceeds with the same validity, priority, and extent as they attached to the Debtors' interests prior to the sale. *See generally In re Lady H Coal Co., Inc.*, 199 B.R. 595, 605 (S.D. W. Va. 1996). The Receiver may sell the assets of the Debtors free and clear of liens, claims, encumbrances and other interest of other entities if applicable non-bankruptcy law allows such a sale, the interest holder consents, there is a bona fide dispute, the interest is a lien and the price at which the property is to be sold is greater than the aggregate value of all liens on the property, or if the interest holder could be compelled to accept a money satisfaction for its interest. *See* 11 U.S.C. §§ 363(f), 1520. ATB has consented to the sale.

## **RELIEF REQUESTED**

WHEREFORE, the Receiver moves the Court for the entry of an order:

1. Authorizing the sale of the Filtration Assets free and clear of any and all liens, claims, encumbrances, and other interests, with any such liens, claims encumbrances, and other interests to attach to the proceeds, and approving and authorizing the Receiver's performance and consummation of the APA;

2. Finding that PFI has acted in good faith within the meaning of 11 U.S.C. § 363(m) and, as such, is entitled to the protection afforded by the same;

3. Finding that the sale was negotiated in good faith;

4. Waiving the 14-day stay that would otherwise be applicable pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

5. Granting such other relief as the Court may deem just and proper.

6. Dated: May 16, 2019

                                  Respectfully submitted,

                                  **ROSENSTEIN, FIST & RINGOLD**

                                  */s/ John E. Howland*
                                  John E. Howland, OBA No. 4416
                                  525 South Main, Suite 700
                                  Tulsa, Oklahoma  74103
                                  Telephone:    (918) 585-9211
                                  Facsimile:     (918) 583-5617
                                  johnh@rfrlaw.com

                                     *and*

                                  **NORTON ROSE FULBRIGHT US LLP**
                                  Steve A. Peirce, TX Bar No. 15731200
                                  *(admitted pro hac vice)*
                                  300 Convent Street, Suite 2100
                                  San Antonio, Texas  78205-3792
                                  Telephone:    (210) 224-5575
                                  Facsimile:     (210) 270-7205
                                  steve.peirce@nortonrosefulbright.com

                                  **COUNSEL FOR CANADIAN RECEIVER AND FOREIGN REPRESENTATIVE**

## ASSET PURCHASE AGREEMENT

THIS ASSET PURCHASE AGREEMENT (the "Agreement") is dated this 14 day of April, 2019 ("Effective Date"), by and between **PRICEWATERHOUSECOOPERS INC., LIT**, ("PWC"), solely in its capacity as court-appointed receiver (the "Receiver") of the eight debtors (the "Debtors") in the eight Chapter 15 cases that are being jointly administered by the United States Bankruptcy Court for the Northern District of Oklahoma (the "Bankruptcy Court"), under its Case No. 19-10653-R, based upon the Receivership Order that the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada, entered on April 1, 2019 in Court File No. 1901-04589, and as the Debtors' Chapter 15 recognized foreign representative ("Seller"), and **POWER FILTERS, INC.** ("Buyer").

1. **SALE OF ASSETS.**

    1.1 **Sale of Assets**: Seller shall, subject to the terms and conditions of this Agreement, transfer and sell to Buyer all of the tangible assets (including but not limited to all machinery, furniture, fixtures and equipment, and inventory) that are owned by Braden Manufacturing LLC ("Braden") and that are located on (within or outside) the premises of the Braden Filter Manufacturing facility, at 5199 North Mingo, Tulsa, Oklahoma (the "Premises"), and all of the intangible assets that Braden owns (including but not limited to goodwill, and any interest that Braden owns in the tradenames "Braden Filtration" and "Bradenfilters," names similar thereto, technical data and part number data access) and that Braden used in the Braden Filtration business. The tangible and intangible assets being sold, including but are not limited to the vehicles and equipment listed on **Exhibit A**, are referred to as the "Assets". Buyer is not assuming any of Seller's liabilities or obligations.

    1.2 **Excluded Assets**: Seller shall retain and shall not sell or transfer to Buyer any inventory identified by Seller as packed and ready for shipment related to purchase orders received prior to the date of the Receivership Order nor to cash, bank accounts, negotiable instruments, accounts receivable, prepaid expenses, insurance payments and deposits and credits, business records and documents related to the corporate organization of Braden Manufacturing, LLC.

    1.3 **Purchase Price**: As consideration for the sale and transfer of the Assets, Buyer will pay to Seller the sum of Fifty-Five Thousand Fifty-Nine Dollars ($55,059) (the "Purchase Price"). Buyer shall deposit with Seller the sum of $5,500 upon the Effective Date of this Agreement. Such deposit shall be non-refundable but shall be applied to the Purchase Price at Closing.

    1.4 **Method of Payment**: The balance of the Purchase Price shall be paid at Closing in cash or cash equivalent. Payment shall be made against delivery of a bill of sale and such documents as are reasonably requested by Buyer to evidence the transfer of title to the Assets.

JEH v.4

**EXHIBIT 1**

2. **CLOSING.** The closing of the transaction provided for in this Agreement (the "Closing") shall take place at a mutually agreeable location on a mutually agreeable date (the "Closing Date") not later than three (3) days after entry of the Bankruptcy Court's order approving the sale. At Closing, Seller shall execute and deliver to Buyer a special warranty bill of sale conveying the Assets to the Buyer free and clear of all right, title or interest of third parties claiming by, through or under Seller, as Receiver, but not otherwise.

3. **CONDITION TO CLOSING.** The obligation of Buyer and Seller to close the purchase and sale of the Assets is expressly conditioned upon receipt of an order authorizing such sale, free and clear of liens or other interests, except any liens or interests of the landlord of the Premises, entered by the Bankruptcy Court in Case No. 19-10653-R. Failure to obtain such an order within 60 days following the date of this Agreement shall entitle either party to terminate the Agreement by written notice to the other.

4. **REPRESENTATIONS AND WARRANTIES OF SELLER.** Seller makes the following representations and warranties:

   4.1 **Authority**: Seller is the Receiver in Bankruptcy for Braden Manufacturing, LLC and has the authority to enter into this Agreement subject to subsequent approval of the Bankruptcy Court.

   4.2 **Authority**: This Agreement is legally binding and enforceable against Seller in accordance with its terms. This Agreement and all actions contemplated by this Agreement do not violate the provisions of any agreement, judgment, order, ruling or regulation by which Seller is bound or which affects Seller.

5. **REPRESENTATIONS AND WARRANTIES OF BUYER.** Buyer makes the following representations and warranties:

   5.1 **Buyer's Organization and Good Standing**: Buyer is a corporation duly organized and validly existing under the laws of the State of Oklahoma.

   5.2 **Buyer's Authority**: The execution and delivery of this Agreement by Buyer, and the performance by it of its obligations hereunder and with respect to the transactions contemplated, have been duly and validly authorized. This Agreement is legally binding and enforceable against Buyer in accordance with its terms.

6. **MISCELLANEOUS.**

   6.1 **Expenses**: Each party to this Agreement shall bear and pay its own respective costs and expenses in connection with the preparation, execution and delivery of this Agreement and the transactions contemplated herein.

   6.2 **Use of Names**: To the extent owned by Braden, Buyer and any of its present or future affiliates shall have the exclusive right to use the name "Braden Filtration" or names similar thereto that Braden used in the Braden Filtration business, and all product names

used in the past or present in connection with Braden's filter business. Buyer shall have the right to represent that it is carrying on business in succession to Braden Manufacturing LLC's filter business.

7. **CONDITION OF ASSETS.** The Seller agrees to sell and convey the Assets to the Buyer, and the Buyer agrees to purchase the Assets from the Seller in the condition in existence on the date of Closing. The Assets are sold to Buyer "AS IS, WHERE IS", and with all faults. The Seller specifically disclaims any and all warranties concerning the Assets, including, but not limited to, the implied warranties of merchantability or fitness for a particular purpose. The Buyer has inspected the Assets and accepts the Assets in their current condition for all purposes.

8. **ENTIRE AGREEMENT; MODIFICATIONS AND WAIVER.** This Agreement constitutes the entire agreement between the parties and supersedes all prior agreements, representations and understanding of the parties. No amendment to this Agreement shall be binding unless executed in writing by the parties. No waiver of any of the provisions of this Agreement shall be deemed or shall constitute a continuing waiver or a waiver of any other provisions, whether or not similar. No waiver shall be binding unless executed in writing by the party making the waiver.

9. **NOTICES, ETC.** All notices, requests, demands and other communications shall be in writing and shall be deemed to have been duly given if delivered or mailed first class, postage prepaid, to:

        If to Seller, to:        PricewaterhouseCoopers Inc., LIT
                                    111 5th Avenue SW, Suite 3100
                                      Calgary AB T2P 5L3
                                      ATTN: Liam Murphy

        If to Buyer, to:        Power Filters, Inc.
                                      7910 S. 101st E. Ave.
                                      Tulsa, OK 74133
                                      ATTN: Mark Schaffitzel

10. **COOPERATION OF PARTIES.** The parties shall, at and from time to time as reasonably necessary after the Closing, take such action, including the execution and delivery of such documents as may be deemed necessary or appropriate to fully realize the intent of this Agreement.

[Continued on following page.]

11.  **GOVERNING LAW.** This Agreement shall be governed by and construed in accordance with the laws of the State of Oklahoma.

        **PRICEWATERHOUSECOOPERS INC., LIT,** as Receiver and Foreign Representative for **Braden Manufacturing LLC**

By: _[signature]_
Name: PAUL DARBY
Title: Senior Vice President

"SELLER"

**POWER FILTERS, INC.**

By _Mark Schaffitzel_
Name: _Mark [illegible]_
Title: _President/Owner_

"BUYER"

4

**EXHIBIT A**

<u>Assets</u>

- 2000 Dodge 150 Truck – VIN # 1B7HC16YXYS556409
- Toyota Propane Model Fork Lift – 42-6FGCU15 Serial Number 68198
- Toyota Propane Model Fork Lift – 8FGU30 Serial Number 12821
- Crown Stand Up Lift Model MX3 18-775 Type E with battery charger Serial Number 2G53080
- Hyster Model H300 – 087065 30,000 Lb Serial Number 91060053
- Time clock system
- 26 fire extinguishers
- Dock leveler
- Amrstron automatic drainer-coalescer
- Shelving for material storage
- 2 stage horizontal coalesce separator
- Power sweeper
- Aero flow test station for filters
- Heat measuring thermostat
- Stencil cutting machine
- Infra-pak sidewinder 3 stretch wrapper low angle
- Air compressor model EP25
- Tooling for filters PFS-4 & coalescing frames
- Ingersoll-rand DXR 150 refrigerated air dryer
- Tenant 5700 XP-700D floor scrubber
- Ultra sonic seal model HVS-501 hand held ultrasonic plastics
- Fleetwood conveyers
- Two part dispense system w/jib & tool balancer
- Pluraform dispensing system
- Pleater for tri-cell 95 w/stop glue option
- Sts mold for filler plastic parts
- Pot Devin 36inch glue type NTZ machine 1/3 HP 115 Volt
- Modification controls polyurethane dispensing equipment
- Narrow aisle reach truck crown model RD 5020-30
- Ext "new" air filter housing design & tools
- 2 - Spot weld rocker rite, rapid fire 36 inch throat w/intertron
- Bulk container mixer, 2HP motor, single 6 inch dia propeller, 33 inch shaft
- Pulseline manufacturing equipment from genuine machine design
- 4 inch please filter stabilizer – tooling
- Digital stiffness tester – Gurley Precision
- Ultra sonic seal welder from MFG HEPA filters w/titanium horn
- Progressive tooling tricel clip

## AMENDMENT TO ASSET PURCHASE AGREEMENT

**PRICEWATERHOUSECOOPERS INC., LIT,** ("**PWC**" ), solely in its capacity as court-appointed receiver (the "**Receiver**" ) of the eight debtors (the "**Debtors**") in the eight Chapter 15 cases that are being jointly administered by the United States Bankruptcy Court for the Northern District of Oklahoma (the "**Bankruptcy Court**"), under its Case No. 19-10653-R, based upon the Receivership Order that the Court of Queen's Bench of Alberta in the Judicial Centre of Calgary, Canada, entered on April 1, 2019 in Court File No. 1901-04589, and as the Debtors' Chapter 15 recognized foreign representative ("**Seller**"), and **POWER FILTERS, INC.** ("**Buyer**"), for their amendment to the Asset Purchase Agreement (the "APA") between them that is dated May 14, 2019, state that they wish to clarify and amend terms of the APA with the following mutual covenants, which they both acknowledge are sufficient consideration for this amendment of the APA.

1. Section 1.2 of the APA is amended to exclude from the sale the interest, if any, of Braden Manufacturing, L.L.C. a/k/a Braden Manufacturing LLC ("**Braden**"), in the following Canon copiers and associated accessories:

   iRC5255 w/n JME01779
   iRD5035 s/n GNW56362
   iRC5045 s/n GPQ55713
   iRC5051 s/n GQM14234

2. Effective as of June 1, 2019, Buyer shall be solely responsible for all rent or lease arrangements on the portion of the premises occupied by the Braden Filtration Manufacturing operation pursuant to a new lease from landlord to buyer. Buyer shall indemnify and hold harmless PWC for any rent or lease obligation due to the landlord of the Premises for any period after May 31, 2019 on that portion of the premises occupied by the Braden Filtration Manufacturing operation to a new lease from landlord to buyer. Buyer's obligations under this paragraph are conditioned upon a closing of the sale from PWC to Buyer under the terms of the APA, as amended by this amendment.

3. Also effective as of the date of the closing under Section 2 of the APA (the "**Closing**"), PWC releases all of its rights as Receiver for Braden and all of Braden's rights to occupancy of the Premises and all of their rights relative to the Premises that are created under any lease of the Premises.

4. PWC shall seek to have the Bankruptcy Court consider its sale to Buyer under the APA on an expedited basis.

5. Every provision of the APA, to the extent that they have not been clarified, modified or amended by this amendment, shall remain in full force and effect.

[Signatures on following page.]

**EXHIBIT 2**

Dated as of May 15, 2019.

        PRICEWATERHOUSECOOPERS INC., LIT, as Receiver and Foreign Representative for Braden Manufacturing LLC

By: _[signature]_
Name: PAUL DARBY
Title: Senior Vice President

"SELLER"

POWER FILTERS, INC.

By _[signature]_
Name: Mark Schoffitzel
Title: President/Owner

"BUYER"

2